UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 24-mj-30062

-vs-

Zina Thomas,

        Defendant.

_____/

## STIPULATION TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT

The United States of America, by and through its undersigned attorney, and defendant Zina Thomas, by undersigned counsel, stipulate to an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act to July 30, 2025. In support, the parties state as follows:

1. Defendant previously made her initial appearance and was released on a $10,000 unsecured bond. Her preliminary hearing was first set for March 20, 2024, and then adjourned multiple times by agreement—most-recently to June 25, 2025; the parties now seek to further adjourn this date by approximately 35 days.

2. The government previously produced initial discovery, considering of documentary evidence related to dozens of suspect-properties, numerous victim

complaints (and subsequent statements), and significant electronic evidence. The defense is actively reviewing these materials.

3. The parties are also actively in the process of negotiating a potential pre-indictment guilty plea and believe they are close to an agreement. In the event these negotiations result in a guilty plea, that would eliminate the need for this Court to conduct a preliminary hearing or for the government to seek an indictment and consume grand jury resources. In addition, a preindictment resolution could also eliminate the need for a trial entirely, or narrow its scope.

4. Further, defense counsel recently finished a homicide trial and has another trial set for July in separate, unrelated matters.

5. In light of the above, the parties submit that there is good cause to adjourn the preliminary hearing. Moreover, defendant has consented to this adjournment. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

6. In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendants in a

speedy indictment. *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties to continue their preindictment negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of the defendant. A preindictment resolution also would result in the conservation of judicial and prosecutorial resources by eliminating the need for preliminary hearings and in the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment. And it could also result in the further conservation of judicial and prosecutorial resources by eliminating the need for a trial, or narrowing its scope.

7. Accordingly, the parties request that this Court find there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearings be adjourned until July 30, 2025. The government also requests that this Court

find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. The government requests that this ends-of-justice continuance begin on June 25, 2025, and continue through July 30, 2025 and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

| *s/ Ryan A. Particka* | *s/ W. Otis Culpepper (with consent)* |
|---|---|
| Ryan A. Particka | W. Otis Culpepper |
| Assistant United States Attorneys | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 615 Griswold St., Ste. 1325 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9635 | otisculpepper@sbcglobal.net |
| Ryan.Particka@usdoj.gov | |

Dated: June 25, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                No. 24-mj-30062

-vs-

Zina Thomas

        Defendant.
_____/

## **ORDER**

This matter comes before the Court on the parties' Stipulation to Adjourn Preliminary Hearing, Extend Time to Return an Indictment, and for Determination of Excludable Delay under the Speedy Trial Act.

Based on the information and explanation set forth in the parties' stipulation, the Court finds:

1) The government has produced initial discovery, considering of documentary evidence related to dozens of suspect-properties, numerous victim complaints (and subsequent statements), and significant electronic evidence. The defense is actively reviewing these materials.

2) The parties are also actively in the process of negotiating a potential pre-indictment guilty plea and believe they are close to an agreement. In the

- 5 -

event these negotiations result in a guilty plea, that would eliminate the need for this Court to conduct a preliminary hearing or for the government to seek an indictment and consume grand jury resources. In addition, a preindictment resolution could also eliminate the need for a trial entirely, or narrow its scope.

3) Further, defense counsel recently finished a homicide trial and has another trial set for July in separate, unrelated matters.

4) A continuance would allow the parties to continue their preindictment negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of the defendant. A preindictment resolution also would result in the conservation of judicial and prosecutorial resources by eliminating the need for preliminary hearings and in the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment. And it could also result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial, or narrowing its scope.

Accordingly, there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to July 30, 2025. *See* Fed. R. Crim. P. 5.1(d).

In addition, for the reasons stated above, the Court finds, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendants in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until July 30, 2025, and orders that the period from June 25, 2025, to July 30, 2025 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Anthony P. Patti
United States Magistrate Judge

Dated: June 25, 2025